PER CURIAM:
On November 7, 1989, claimant was driving his 1986 Chevrolet Cavalier on State Secondary Route 19/7 also known as bethel Road near Morgantown, Monongalia County. As he travelled the gravel road at approximately 25 miles per hour in a late afternoon rain, the passenger side of the car struck a hole with such severity that his windshield cracked and the front suspension sustained damage. Claimant testified that the hole was eighteen inches deep. Estimates provided by claimant evidence repair costs of $504.44 resulting from the accident. Claimant seeks an additional $100.00 for what he describes as "aggravation." The total amount sought by claimant is $604.44.
Claimant testified that respondent was notified on several occasions prior to the accident that Bethel Road was in poor condition with dangerous holes. Claimant travelled the road *136 daily to and from work and testified to being very familiar with its condition. Although claimant did not see the hole that caused the damage to his car, the Court reiterates that he testified to being aware of holes in the road.
Respondent avers that the road was continually repaired and maintained prior to and after the accident. Respondent's records and testimony indicated that the road was "graded at least once and it was patched on three or four different occasions and in the past it's been stone stabilized... and was surface treated two different times in 1989.
James M. Beer II, an area maintenance engineer further testified that "tar and chip” cannot be placed on the road as it "hasn't proven to be solid enough to hold the surface treatment in the past, so we don't feel like we need to waste anymore money on it right now." Mr. Beer concluded his testimony by indicating that upgrading is determined "by the amount of traffic and whether it will hold." He stated "that coal traffic on the road is off and will stay off." Accordingly, respondent suggests that upgrading is not appropriate nor mandated at this time.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 SE.2d 81 (1947). In order for the respondent to be found liable for the damages, it must have had actual or constructive knowledge of the defect in question. While there was no evidence of actual notice, a hole of the dimensions described by claimant could not have developed overnight, and respondent is therefore charged with constructive knowledge of the condition of the road. However, claimant also had acknowledge of the hole and he was likewise negligent, and the Court finds that his negligence was equal to or greater than respondent's. The Court must, therefore, deny the claim.
Claim disallowed.